FILED

2002 NOV 29 PM 12: 59
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROBERT L. MCDOWELL, )
)
Petitioner, )
)
v. ) CIVIL ACTION NO. 02-B-0131-S
)
WARDEN JAMES DELOACH and )
THE ATTORNEY GENERAL OF )  ENTERED
THE STATE OF ALABAMA, )
)  NOV 29 2002
Respondents. )

## MEMORANDUM OPINION

The petitioner in this habeas corpus action asserts that his state reckless manslaughter conviction and life sentence are invalid because (1) his sentence was obtained and imposed in violation of the Fourteenth Amendment; (2) he was denied effective assistance of counsel; and, (3) the fact-finding procedure used by the state courts was not adequate. (Doc. 1). On October 21, 2002, the magistrate judge assigned this case determined that the petition for relief was due to be dismissed because it is barred by the applicable statute of limitations and because the petitioner has procedurally defaulted his claims. (Doc. 10).

The petitioner has filed various objections to the report and recommendation of the magistrate judge. He asserts that the magistrate judge, in determining that his petition was untimely, failed to follow the holding in *Carey v. Saffold*, ___ U.S. ___, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002), and incorrectly determined that his petition was untimely filed despite the fact that the petitioner commenced this action within one year of the date on which collateral review under Alabama Rule of Criminal Procedure 32 was completed. He also asserts that the magistrate judge, in determining that his petition is procedurally barred, improperly relied on

*O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999), and *White v. Godinez*, 192 F.3d 607 (7th Cir. 1999), *cert. denied*, 528 U.S. 1127, 120 S. Ct. 1004, 145 L. Ed. 2d 833 (2000).

In *Carey*, the United States Supreme Court held that the one-year period for seeking federal habeas corpus review under the applicable statute of limitations (28 U.S.C. § 2244(d)) does not include the time between the lower state court's determination and the filing of a notice of appeal to a higher state court. *Id.*, 122 S. Ct. 2136-39, 153 L. Ed. 2d at 266-68. The Supreme Court stated that "until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'" *Id.*, 122 S. Ct. at 2138, 153 L. Ed. 2d at 268.

In the present case, the magistrate judge afforded the petitioner all the excludeable time permitted under the circumstances, including the time between the lower court decisions and the filing of the appeals. The petitioner is entitled to nothing else. Therefore, the magistrate judge correctly concluded that his petition is barred by the statute of limitations.

The tolling provisions in 28 U.S.C. § 2244(d)(2) do not make the present petition timely. That section provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Although McDowell did file a Rule 32 petition in state court, that petition was not filed until March 27, 2001,[1] which consumed 320 days of the one-year limitations period. The limitations period began running again on October 10, 2001, the day after the Alabama Court of Civil Appeals

---

[1] This is the date the petitioner signed the petition.

issued the certificate of judgment. It ran until January 13, 2002, when he signed his federal petition. This consumed another 94 days, making the filing of the present petition untimely.

The petitioner believes that he had one year from the issuance of the certificate of judgment on the denial of Rule 32 relief to file his petition. The court finds otherwise. The fact that he filed a Rule 32 petition did not start the running of the limitations period anew:

> Section 2244(d)(2) does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year statute of limitations by bringing a belated state collateral attack. *See, e.g., Hamilton v. Miller*, No. 98 CV 5669, 1999 WL 438472 at *3 (E.D.N.Y. May 18, 1999); *DeVeaux v. Schriver*, slip op. at 8; *Varsos v. Portuondo*, slip op. at 4; *Smith v. McGinnis*, No. CV 98-1034, 1999 WL 312121 at *3-4 (E.D.N.Y. March 17, 1999); *Cromwell v. Keane*, 33 F. Supp. 2d 282, 285 (S.D.N.Y. 1999) (Rakoff, D.J. & Peck, M.J.).
>
> Rather, § 2244(d)(2) merely excludes the time a collateral attack is under submission from the calculation of the one-year statute of limitations. *See, e.g., Flanagan v. Johnson,* 154 F.3d 196, 199 n.1 (5th Cir. 1998) ("Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one-year period of limitation."); *DeVeaux v. Schriver*, slip op. at 8; *Broom v. Garvin*, 99 Civ. 1083, 1999 WL 246753 at *1 (S.D.N.Y. April 26, 1999) ("[T]he filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period."); *Hamilton v. Miller*, 1999 WL 438472 at *3; *Smith v. McGinnis*, 1999 WL 312121 at *3-4; *Varsos v. Portuondo*, slip op. at 4-5; *Brooks v. Artuz*, 98 Civ. 4449, 1999 WL 138926 at *2 (S.D.N.Y. March 15, 1999) ("The tolling provision [in 28 U.S.C. § 2244(d)(2)] does not . . . 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run.") (*quoting Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)); *Cowart v. Goord*, 97 Civ. 3864, 1998 WL 65985 at *2 (S.D.N.Y. Feb. 18, 1998) (Sotomayor, D.J.) ("the filing of a proper state collateral petition does serve to toll (but not start anew) the AEDPA statute of limitations"); *Hughes v. Irvin*, 967 F. Supp. 775, 778 (E.D.N.Y. 1997) (petitioner's statute of limitations period was suspended only during the period state collateral motions were pending, and began to run again, but not anew, when the state collateral motions were decided).

*Torres v. Miller*, No. 99 Civ. 0580 MBM, 1999 WL 714349 at *3-4 (S.D.N.Y. August 27, 1999). *Accord, Smith v. McGinnis*, 208 F.3d 13, 17 (2nd Cir.), *cert. denied*, 531 U.S. 840, 121 S. Ct. 104, 148 L. Ed. 2d 63 (2000) ("proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run").

The petitioner's reliance on *Carey* is misplaced. He did not have a petition "pending" for purposes of tolling under 2244(d)(2) during the period between the issuance of the certificate of judgment on his direct appeal and the date he filed his Rule 32 challenge. 28 U.S.C. § 2244(d)(2). Additionally, *Carey* does not hold that the filing of a post-conviction challenge "restarts" the running of the statute of limitations.

The petitioner next objects to the magistrate judge's reliance on the holdings in *Boerckel* and *White* in concluding that his claims are procedurally defaulted from review. In *Boerckel*, the United States Supreme Court held that a habeas corpus petitioner must present his claims to the state supreme court for discretionary review when that review is part of the ordinary review procedure in the state. *Boerckel*, 526 U.S. at 845, 119 S. Ct. at 1733. *White* held that "the procedural default rule announced in *Boerckel* applies with equal force in a case . . . on collateral review." *White*, 192 F.3d at 608. He offers no case law or reasoning for rejecting *Boerckel* and *White*. Accordingly, the court finds this objection to be without merit.

The court has considered the entire file in this action together with the Magistrate Judge's Report and Recommendation and the petitioner's objections and has reached an independent conclusion that the Magistrate Judge's Report and Recommendation is due to be adopted and approved. The court hereby adopts and approves the findings and recommendation of the

magistrate judge as the findings and conclusions of the court. In accord with the recommendation, this petition for writ of habeas corpus is due to be denied and dismissed with prejudice. An appropriate order will be entered.

    **DONE**, this 29th day of November, 2002.

                                    SHARON L. BLACKBURN
                                    UNITED STATES DISTRICT JUDGE